## UNITED STATES DISTRICT COURT DISTRICT
## EASTERN DISTRICT COURT OF VIRGINIA
### (RICHMOND DIVISION)

----------------------------------

**Andrew Chien: Pro Se Plaintiff**
**-against-**
**Defendants:**
**LeClairRyan, Richard J Freer,**
**Andrew K Clark, William K Grogan**
**James R Byrne, Michael G Caldwell**

----------------------------------

**CIVIL ACTION NO:**

**February 26, 2018**

3 :19cv135

**Jury-trial required**



F I L E D
FEB 2 7 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## COMPLAINT

### CONTENTS

**Pages**

Authorities................................................................... 2

I. Summary of Action.................................................... 5

II. Parties ................................................................ 7

III. Jurisdiction and Venue ............................................ 7

IV. Brief of The Case .................................................. 8

    Part 1. Freer's Fraud in Defamation Lawsuit.................................8

    Part 2. Illegal VA Debt Collection.............................................12

    Part 3. Occupying Assets of Non-parties....................................... 14

    Part 4. Interrupt Interstate Commerce after Chien Released........................... 21

    Part 5. No Doctrine of Rees Judicata from Previous Cases.................. ............. 23

    V. Standard and Argument .........................................................24

    Part 1.  Time Bar for Claim under RICO and Property Damage ....................... 24

    Part 2. Conspiracy Charge  ................................................. 26

    Part 3. Alleging LeClairRyan and Grogan under RICO Enterprise..................... 27

    Part 4. Damage Distinguished between Property and Interstate Commerce............ 30

VI. Causes of Action ................................................................. 30

VII. Relief................................................................................   30

## Authorities

### Cases

Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987) .........   24

Heintz v Jenkins, 514 U.S. 291, 293 (1995) .......................................   14

Kalb v. Feuerstein, 308 U.S. 433 (1940) ...........................................   13

Perkins v. City of Attleboro, 969 F. Supp. 2d 158,182 (2013) .................................   28

Pollice v. National Tax Funding, LP, 225 F. 3d 379, 406 (2000) .............................   14

Reihle v. Margolies, 279 U.S. 218, 225(1929) ....................................   24

NAACP v. Button, 371 US 415,461 (1963) .......................................   29

US vs. Grzywacz, 603 F.2d 682(1979) ........................................... ...   29

United States v. Murphy, 768 F. 2d 1518, 7th Circuit (1985) ................................   29

United States v. Neapolitan, 791 F. 2d 489,495 (1986) ....................................... 26

United States v. Price, 383 US 787, 794 (1966) .............................................. ...27, 28

### U.S STATUTES, REGULATIONS AND RULES

Amend IV .......................................................... ...5, 17, 26, 30

11USC §362(a) ........................................................... ...... ......32

18USC §241 & §242 ......................................................28, 32, 34, 35

18USC §513............................................................. ...18, 20,33

18USC§1001............................................................ ......   37

18USC §1341 & §1343............................................... 25, 33

18USC §1350............................................................. ............... ... 10

18USC §1512 & 1513................................................25, 26, 32, 34

18USC §1621................................................................................. 29

18USC §1623................................................................................. 29

18USC §1692...............................................................................13, 14

18USC §1951..............................................................................Passim

18USC §1952..............................................................................25, 33

18USC §1956 & §1957............................................................ 18,25,33

18USC §1961....................................................................... ...,29, 33

18USC §1962................................................ 26, 32, 33, 36

18USC §1964.......................................................... ...8, 34

18USC §1965........................................................ ... 7, 8, 25

18USC §2314 ..............................................................20, 33

18USC §2315...............................................................20, 33

28USC §1331................................................................    7

28 USC § 1334(a). ..................................................10, 32

28USC§1367...............................................................7, 25

Generally Accepted Accounting Principles ............................ 9

Securities Exchange Act of 1934, Set. 14, 14(a)(1), 13(a) or 15(d) ....................10, 27, 34

Sarbanes-Oxley Act of 2002 ..............................................9, 10

RICO.............................................................................Passim

**Virginia Codes**

§ 8.01-229. A.3....................................................... 24

§8.01-243..............................................................  24

§8.01-247.......................................................... ...... 13, 32

§8.01-506C ……………………………………………………….…….. 13

§8.01-507…………………………………………………………… 15, 20

§8.01-507.1……………………………………………………………. 20

§8.01-509……………………………………………………………….20

§8.01-615……………………………………………………………….20

§8.01-612……………………………………………………………… 6

§13.1-654.A: ……………………………………………………………10

§13.1-655. A.1: …….. …………………………………………… 10

§18.2-7………………………………………………………… 14

§18.2-22………………………………………………………… 27, 32

§18.2-23…………………………………………………………   27

§ 18.2-137. B.(ii) …………………………………………   25, 33

§18.2-186B…………………………………………………………...18, 33

§18.2-213.2…………………………………………………………  25, 33

§18.2-435………………………………………………………………   28

§18.2-441………………………………………………… 15, 25, 29, 33, 34

§18.2-460…………………………………………………………… 28, 35

§18.2-472……………………………… ………………………….20, 34

§18.2-499 & 500………………………………………………………….37

## Rules of Virginia Supreme Court

Rule 3:8(a) within 21 days for reply…………………………………… 8, 36

## Rules of Virginia Professional Guidelines

Rule 8:4…………………………………………………………………   36

4

## COMPLAINT

Plaintiff Andrew Chien ("Chien"), appearing as pro se, submits Complaint, following the facts and belief to allege acts of Racketeer Influenced and Corrupt Organization ("RICO"), 18USC§§1961-1968, initiated from the retaliation of Chien as whistle-blower to discover embezzlements by extortion, 18USC §1951,to damage Chien's property and interrupt interstate commerce, by violating Amend IV to ***wrongly occupy Chien's professional belongings and assets of third parties under Chien's custody*** from September of 2014 ***till today*** without a penny, against Defendants LeClairRyan , Andrew K Clark ("Clark"), James R Byrne ("Byrne"), Michael G Caldwell ("Caldwell"), Richard J Freer ("Freer") and William K Grogan ("Grogan").

## I.      Summary of the Action

1. Chien is a resident of Connecticut("CT") with no property or regular business in Virginia ("VA"). Alternatively, Chien has no minimum contact with VA. However, after Chien occasionally attended Chapter 11 procedure of Commonwealth Biotechnologies Inc ("CBI"), and discovered Freer engaged embezzlements, Chien became victim of RICO of Freer and LeClairRyan with employees Clark, Byrne, Caldwell etc., and Grogan, Commissioner in Chancery of Chesterfield County Circuit Court of VA ("Chesterfield Circuit Court").

2. For retaliation of Chien's questioning Freer's embezzlement in CBI §341 meeting, and managing a CBI shareholder meeting in March of 2011 for changing control of CBI, Freer at Clark and Everette G Allen ("Allen"),  Justin M Shelton ("Shelton") of LeClairRyan under abused process and falsified evidence, solicited Chesterfield Circuit Court, Case CL.12-485, to commit subject error by awarding Freer the CBI's employment relative compensation principal and punitive damage from Chien for $1.6 million plus 6% of interests ("VA Award") on 8/9/2012.  On 09/26/2012 Byrne, Caldwell and Clark for LeClairRyan acting as debt collectors

5

for Freer, certified VA Award, in Connecticut Superior Court, Jurisdiction of New Haven ("CT Local Court"), NNH-CV12-4053717-S, which has been active and took cash of Chien's bank account twice to pay Freer, with only change that after 12/12/2016, Freer acts as pro se.

3. On 1/4/2013, Clark for LeClairRyan acting as debt collector for Freer, made false affidavit in conspiring with Grogan without Judge assigning to initiate VA debt collection by violating VA Code "§8.01-506C", for the purpose to occupy Chien's professional belongings and assets of third parties under Chien's custody. After Chien's rejection, LeClairRyan and Clark manipulated Grogan to usurp the authority of Judge Frederick G Rockwell III ("Judge Rockwell"), violating "§8.01-612", issued two of CAPIAS dated 2/25/2013 and 3/19/2013, and six orders of indefinitely incarcerating for assets of third parties, dated 5/10/2013, 6/19/2013, 5/7/2014, 6/6/2014. 3/19/2015 and 8/31/2015, and four orders for assets dated 1/4/2013, 3/2/2013, 2/18/2014, 10/31/2014 respectively for arresting Chien twice and total incarceration for 1148 days (about 38 month) until 6/27/2016. During the period, Byrne, Caldwell aided by Clark and Grogan on behalf of Freer, deceived and cheated CT Local Court for multi-times to lie that Grogan's orders represented Chesterfield Circuit Court, and they wanted Chien's items shipped to VA Grogan's office just for camera hearing serving debt payment. But they abused the shipping process without a sort out of Chien's exempted items, and using threat to Chien's ex-wife to ship items twice, dated September of 2014 and December of 2015 respectively. After they received these items, there were no camera hearing. Freer manipulated by Clark and Grogan, made a forged stock certificate No. 1073 of China Bull Management Inc (ticker: "CHBM") for 1,002,436 shares to replace Chien's without a penny payment, and without shareholders' approval and proxy filings to Securities Exchange Commission ("SEC"). Then Freer falsified him as President and Secretary of CHBM to steal the cash of the corporation to

6

pay Grogan and Clark for LeClairRyan. Despite that they took all items, defendants still didn't want to release Chien because Chien rejected to withdraw allegation of embezzlement. Chien was released under help of Judge Rockwell's order on writ of habeas corpus.

## II.  Parties

4.  Plaintiff Andrew Chien ("Chien"), 665 Ellsworth Avenue, New Haven, CT 06511.

5.  Defendant LeClairRyan, (Atten: Gary D. LeClair, Chairman), a law firm, located at 919 E. Main Street, 24th Floor, Richmond, VA 23219.

6.  Defendant Andrew K Clark ("Mr. Clark"), Attorney of LeClairRyan, 919 E. Main Street, 24th Floor, Richmond, VA 23219.

7.  Defendant James R Byrne, Attorney of LeClairRyan, CT Division, One Financial Plaza, Suite 2000, 755 Main St., Hartford, CT 06103.

8.  Defendant Michael G Caldwell ("Caldwell"), Attorney of LeClairRyan, CT Division, 545 Long Wharf Drive, 9th Floor, New Haven, CT 06511.

9.  Defendant Richard J Freer ("Freer"), a resident of VA, at 8110 Westbury Drive, Henrico, VA 23229.

10. Defendant Willian K Grogan ("Grogan"), 206 E Cary St. Suite 200, Richmond, VA 23219. Tel: 804-788-4600

## III.  Jurisdiction and Venue

11. This court has both subject matter over all defendants due to "28USC §1331", "28USC §1367" of supplemental jurisdiction.  This Court has personal jurisdiction over defendants LeClairRyan, Clark, Freer and Grogan due to 18USC §1965(a) and the venue is proper due to Local Rule 3(B)(4). The personal jurisdiction over defendants Byrne and Caldwell is due to "18USC §1965(b)" as

"(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that *the ends of justice require* that *other parties* residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof...." (emphases added)

## IV. Brief of the Case

## Part 1. Freer's Fraud in Defamation Lawsuit

12. From the docket of CL.12-485 of Chesterfield Circuit Court, that case was removed to this Court on 3/22/2012, later back on 5/4/2012 by remand. Chesterfield Circuit Court received Chien's Motion to Dismiss on 5/22/2012. Therefore, Chien made reply on 18th day including three days of mail. However, Freer and Mr. Clark deceived Chesterfield Circuit Court to rubber-stamp on their asked 6/8/2012 order for default judgment, by wrongly alleged Chien's reply time violated Rule 3:8(a) of VA Supreme Court for 21 days.

13. The purpose of filing Freer's complaint ("F-Compl.") was to retaliate Chien's discovery of Freer's embezzlement in CBI, in which Chien was a shareholder.

Freer, after sold all CBI's operation in 2009, on behalf of CBI, filed application of Chapter 11 on 1/20/2011. Under excuse of no money, Freer wanted to cancel the auditing process. On 2/3/2011, without audited financial statement for year 2010, Freer, under oath of penalty in the Bankruptcy Court, filed "Summary of Schedules", and fabricated his pre-petition unpaid compensation for $211,019, later adjusted to $158,519 to cancel a dual claim of $52,500, in which it included fabricated unpaid cash of $97,582, under an exaggerated 2010 salary of $222,097, and unpaid stock option of $52,500.

14. CBI had seven members of the Board which didn't approve the "Summary of Schedules". CBI in 2008, adapted the policy that executives' compensations tied with CBI's financial performance which caused Freer's salary dropped from $363K of year 2006 to $124K

8

of 2010. Also Freer served CBI on five-years contract which expired in December of 2011,

which caused Freer's income sharply dropped after 2011. As a public company, CBI must hold

shareholder meeting annually to elect directors and approve the officers' compensation. On

1/14/2011, SEC approved proposal for CBI shareholder meeting to cancel all payments to

officers because of no operation. Freer rejected the shareholder meeting, then Chairman and

biggest shareholder Bill Guo hired Chien to call shareholder meeting in March of 2011. On the

published 8-K, dated 3/9/2011, it disclosed that Freer unpaid CBI salary claim wasn't affirmed

by Board of Directors, which caused panic of Freer. When the meeting was in process of votes,

with over 98% voted shares to support Bill Guo, Freer interrupted and cancelled the shareholder

meeting, which forced Bill Guo, with his intention informed the staff of SEC, temporarily halted

any SEC filings on 3/14/2011 until CBI made audited Financial Statement to verify Freer's

salary.  Auditing has independence because the effective of Sarbanes-Oxley Act of 2002,

established Public Company Accounting Oversight Board ("PCAOB") to audit the corporation

financial with two levels of review. First, every public company must follow the Generally

Accepted Accounting Principles ("GAAP") to make accounting, then the company, at least once

in a year, invites a member of PCAOB to do auditing. PCAOB, usually in three years, organizes

additional team to reexamine the auditing records of the past three years.

Under requirement of SEC, Freer was compelled to engage accounting auditing.  Then on

5/4/2011, CBI published 2010 Audited Financial Statement in Form 10-K, in which the auditors

followed existing records of CBI Board to ignore Freer's false claim of the 2010 salary of

$211,019 in the Bankruptcy Court; and auditors found that Freer's 2010 salary of $124,515, fully

paid, and Freer's stock option of $52,500 still available, but his exercises prices of the options

ranged from $3.30 to $6.00, while the market price of CBI's stock, was $0.02 /share. Obviously,

9

the stock option became valueless automatically with no liability from CBI.

15. When CBI filed Form 10-K, Freer must file two certificates: one listed as EXH.31.1 to certify that Freer reviewed the 10-K and there was "no untrue statement" or "omit of a material fact"; another listed as EXH.32.1 to certify:

"pursuant to 18USC §1350, as adopted pursuant to ss.906 of the Sarbanes-Oxley Act of 2002, that:
1.      The Report fully complies with the requirements of Section 13(a) or 15(d) of the Exchange Act of 1934; and
2.      The information contained in the Report fairly presents, in all material respects, the financial condition and results of operations of the Company" (emphasis added).

"18USC §1350(c)(1)" specified the significant felony punishment of up to $1,000,000 cash or 10 years prison, for officers who knowing false certify, or willfully certify, on forms of either 10-Q, or 10-K as what Freer did for CBI.

16. But Freer by ignoring audited 10-K, still wanted his embezzlement for $158,518 going on, by concealing the audited records to the Bankruptcy Court. However, the payment of Freer's embezzlement delayed over two years, until CBI's final liquidation in April of 2013. In the waiting period, Chien periodically joining hearing, was threat to Freer's embezzlement, which created the defamation lawsuit in Chesterfield Circuit Court, in which Freer not only wanted the Judge affirmed Freer's 2010 salary was $222,097 with unpaid cash of $97,582, but also gave Chien penalty for millions of dollars for Chien "attacking" Freer's high salary.

17. In F-compl., there were two allegations. One alleged the shareholder meeting was a conspiracy, which is wrong because VA Code "§13.1-654.A" specified to elect director annually, and VA Code "§13.1-655. A.1" specified Chairman directly calls shareholder meeting. Further, CBI's By-laws allowed Chairman to directly call shareholder meeting.

Another (main allegation) was Chien defamed Freer's salary claim in the Bankruptcy Court, for which the VA State Court didn't have subject-matter jurisdiction, 28USC §1334(a). But, F-

10

Compl was seeking Freer's compensation damage as shown in F-Compl: ¶ 67, 76, 82 as:

> "67. As a proximate cause of Guo and Chien's defamation, Dr. Freer has suffered substantial ***compensation damages***, loss of future ***wages and compensation***, ...
>
> 76. The actions of Guo and Chien have directly and proximately ***caused*** damage to Dr. Freer in an amount of at least $1,000,000.
>
> 82. Furthermore, the actions of Guo and Chien have directly and proximately ***caused*** damage to Dr. Freer in an amount of at least $1,000,000" (emphases added)."

Most important, F-Compl concentrated whether Freer had unpaid 2010 salary. Chien on

2/18/2011's §341 meeting, politely asked Freer about his 2010 unpaid salary claim, which

became defamation, as shown in F-Compl.:

> "31. At the §341 meeting, Chien......made defamatory statements about, Dr. Freer...
> Those ***defamatory statements*** included the following exact words:
> ..........
> Why do you consider continuing running [CBI] and take your ***salary of $200,000***?
> Both of these statements are not only factually false, they were made for the purpose of implying Dr. Freer took, and intended to take scarce CBI cash while the company was in bankruptcy" (emphases added)

Further F-Compl. ¶34, 44 & 61, masqueraded Freer's false claim for 2010 unpaid salary as

Freer's loyalty to CBI:

> "34. Because of his (Freer's) ***loyalty to CBI*** and its shareholders, Dr. Freer has ***not taken a full paycheck*** since May of 2010. For June and July 2010, Dr. Freer voluntarily reduced his salary by 50% per cent. From August of 2010 ..., Dr. Freer received a salary of 0 ..."
> "44....... As stated above, Dr. Freer received no salary from August 2010 through April 2011."
> "61... Dr. Freer ..., ***did not receive a full salary***......, did not receive a full salary...," (emphases added).

More, in F-Compl. ¶ 8, 29-37, 62, 74(b)&(c), Chien's discovery of embezzlements, was

widely attacked as defamation: Chien made "defamation statements" of "painting Dr. Freer as a

CEO who put his personal economic interests above CBI's in breach of his fiduciary duty"

(¶29,31,38 of F-Compl ) and "Dr. Freer took, and intended to take, scarce CBI cash resources

while the company was in bankruptcy" (¶31, 43 of F-Compl).

18. There was damage hearing on 7/30/2012. Mr. Clark first submitted documents to identify Freer's CBI salary was $124,515, and fully paid.

> Exh. 17. Freer's CBI compensation table from year 2003 to 2011 (not to July 15, 2012) with record that Freer's compensation in 2010 was $124,515 only, fully paid.

> Exh. 20. CBI 10-K for year 2011 which reported Freer in 2010 had compensation of $124,515 fully paid.

Due to Exhibits 17 & 20, the defamation was hard to win. Then Freer at Clark for over 10 hours of legal time, began fabrication to add another compensation table  Exh. 27 as

> Exh. 27. Freer's CBI compensation table for year 2003 to July 15, 2012 with record that Freer's compensation in 2010 was $222,096.70 with unpaid of $97,581.70.

On the damage trial, Exh. 27 was projected onto the big screen to demonstrate Chien's defaming, while Clark never mentioned Exh. 17, and Exh. 20 of audited financial statement.

19. Later, Chien's appeal to VA Supreme Court, Recording No. 131044, Freer at Mr. Clark submitted same Chart of Exh. 27 as only evidence to win the appeal by claiming Freer with 2010 higher salary as evidence as "a successful businessman". Following was cited from "Opposition to Petition's Motion to Disqualify" filed on December 20, 2013 by Clark and Allen:

> "The evidence clearly was relevant. The table shows that Dr. Freer was a ***successful businessman earning around $200,000 a year*** (EX.1). Chien defamed Dr. Freer with allegations that Dr. Freer breached his fiduciary duties to CBI and misappropriated its property (Comp. ¶38-51)……, the ***table of Dr. Freer's compensation was evidence…… relating to Dr. Freer's damages.*** Dr. Freer accurately related the history of his case" (emphases added).

Exh. 27 also filed in this court on 12/26/2013 in Case 3:12CV00540 to oppose Chien's appeal.

20. In Case: Kalb v. Feuerstein, 308 U.S. 433, 438 (1940), Supreme Court held:

> "The action of the state court in this case in proceeding contrariwise, without the consent of the bankruptcy court, was not merely erroneous, but ***was in excess of its authority, void, and subject to collateral attack***." (emphases added)

## Part 2. Illegal VA Debt Collection

21. When VA debt collection initiated on 1/4/2013, Mr. Clark on behalf of Freer made perjured affidavit, which deserved penalty of Class 1 of misdemeanor due to VA Code §8.01-506C.

> " … Provided, however, that as a condition precedent to proceeding under this section, the ***execution creditor*** has furnished to the court a certificate setting forth that he has not proceeded against the execution debtor under this section within the six months last preceding the date of such certificate. Except that for good cause shown, ***the court may, on motion of the execution creditor,*** issue an order allowing further proceedings before a commissioner by interrogatories during the six-month period. Any judgment creditor who knowingly ***gives false information upon any such certificate made under this article shall be guilty of a Class 1 misdemeanor***…." (emphases added)

First, there was no any motion filed for purpose to assign Grogan to preside debt interrogatories.

Secondly, they concealed CT active debt collection, in the Form of "Summons to Answer Interrogatories-VA Code §8.01-506" by the false affidavit:

> "I certify that I have ***not proceeded*** against the Judgment Debtor(s)under §8.01-506 within ***six(6)*** months from this date

> **01/04/2013**                             **Andrew Clark**
> Date                             Creditor's Attorney" (emphases added)

This act also committed subject error with issue identical in CT, "§8.01-247 When action on contract governed by the law of another state or country barred in Virginia".

22. The subject and jurisdictional error of Defendants in VA was easily identified when Chien applied personal bankruptcy in Bankruptcy Court of CT on 7/19/2013. Defendant Byrne and Ilan Markus ("Markus") of LeClairRyan represented Freer in CT submitted the authority of debt collection, but Clark with Grogan continuously detained Chien in VA, engaging misconduct of law.

23. The Fair Debt Collection Practices Act ("FDCPA"), codified as "15USC§1692 et seg", prohibited any debt collection from using criminal means, as held in

> "15USC§1692 d. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>        (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person."

VA Code "§18.2-7 Criminal Act not to merge civil remedy" has same cause here, because the excuse to incarcerate Chien for assets, is "civil contempt".

24. Chien is "consumer" because the governing statute defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt" by "15USC§ 1692a(3)". Grogan is liable under FDCPA because he isn't an employee of the VA State, not exempted by "15USC§1692a(6)(C)" as a debt collector. In Case Pollice v. National Tax Funding, LP, 225 F. 3d 379, 406, Court of Appeals, 3rd Circuit in year 2000, held:

> "Section 1692a(6)(C) provides:
>     The term ["debt collector"] does not include— . . . (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties.
>     …. The exemption expressly is limited to "any officer or employee of the United States or any State."… ***The exemption does not extend to those who are merely in a contractual relationship with the government***. See Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1263 (9th Cir. 1996)" (emphases added)

25. LeClairRyan, Clark, Byrne and Caldwell are liable under FDCPA because they used lawsuits to collect debt on behalf of Freer in both VA and CT. In case Heintz v Jenkins, 514 U.S. 291, 293 (1995), US Supreme Court affirmed the term "debt collector' in FDCPA, "applies to a lawyer who 'regularly,' through litigation, tries to collect consumer debts." Here, in CT, Byrne and Caldwell engaged lawsuit for debt collection for over 4 years and 3 months; and in VA, Clark in conspiracy with Grogan in use or threat of use of police force to collect debt under lawsuit but without Judge, from 2/25/2013 of issuance of first CAPIAS to 6/27/2016 of Chien's release, for total 1218 days, including incarceration for 1148 days.

## Part 3.  Occupying Assets of Non-parties

26. Grogan's order dated 3/2/2013, was to force Chien to embezzle the cash or assets of corporations such as CHBM, and USChina Venture III, USChna Venture I and USChina Venture II etc., to pay Chien's personal debt, which is illegal.

14

27. For the purpose to overcome Chien's rejection, Mr. Clark ghostwrote a secret order dated 2/18/2014 under Grogan's facsimile signature, entitled "Order Directing Delivery of Securities Pursuant to Virginia Code "§8.01-507" to order Island Stock Transfer, Florida ("Island") issuing a stock certificate of CHBM to Freer replacing Chien without any payment, with term not to serve Chien until it is completed.

28. On 5/7/2014, aided by Clark, Grogan impersonating as a judge, sat in the Court room, and rubber-stamped an order ghost-written by Mr. Clark without motion procedure, to order to incarcerate Chien for "Civil Contempt" until Chien willing to use the corporation cash to pay either Grogan or Mr. Clark. This violated "§18.2-441 Giving bribes to, or receiving bribes by, commissioners" because this payment for Grogan was in conspiracy and secret.

29. Island didn't do it immediately, but promised to do it just for one of CHBM with condition that Grogan will deliver the original of Chien's (Note: Island is not the agency for other companies, and USChina Venture I and USChina Venture II, had no stock certificates).

30. Then Byrne filed Motion, and attended conference calls in CT Local Court dated 6/17/2014 and 6/30/2014 respectively with Grogan together, to deceive CT Local Court to ship properties from CT to Grogan office of VA.

31. Mr. Clark didn't have CT attorney license, but he made malpractice of law in CT. On 6/17/2014, he sent Chien a letter with his draft of the asked order of CT Local Court with following threat and enforce words to Ms. Fu, Chien's ex-wife, for shipping all assets including non-parties and Chien's exempted items located in Chien's CT office without a list and sort out:

> "2. Mr. Chien previously has been Ordered by The ***Honorable*** William K. Grogan, ***a duly appointed Commissioner*** in Chancery for the Circuit Court of Chesterfield County, Virginia…" (emphases added)
> (Note: Masquerade Grogan represents Chesterfield Circuit Court)

> "3. Pursuant to the Orders of Commissioner Grogan, Mr. Chien has been ***incarcerated*** in Virginia since May 2013 for ***civil contempt*** relating to his failure to comply with

Commissioner Grogan's Orders to disclose and turn over assets, and it is expected at this time that *he will remain incarcerated until he complies with those Orders*."
(Note: Chien will remain in VA's jail as hostage of the CT property)

"9. Having given due consideration to this matter, the Court ordered Ms. Fu to collect *all documents and materials* that she can identify as belonging to Mr. Chien in the Ellsworth Residence, including but not limited to the laptop computer and papers located in the residence, and place them in boxes for transport to Commissioner Grogan as set forth below. *Ms. Fu* shall *not* have any obligation *to inspect any of the documents or the contents of the computer* to determine whether they comply with any of the discovery requests or other requests made by Dr. Freer in this matter" (emphases added).
(Note: Order Ms. Fu shipping everything without a list, or sort out others' items and Chien's exempted items)

"12. The delivery of Mr. Chien's personal property to Commissioner Grogan does not constitute an Order of this Court to turn over any documents or other personal property directly to Dr. Freer. Instead, this Court is only Ordering the transport of documents and materials to Commissioner Grogan, anticipating that *Commissioner Grogan will afford Mr. Chien his due process rights* in that forum relative to the production and turnover of the personal property in accordance with Virginia law, and *give Mr. Chien an opportunity to fully review* the documents and materials sent to Virginia pursuant to this Order and *an opportunity to raise objections to the turnover as Mr. Chien deems appropriate*" (emphases added).
(Note: Deceiving promise. After shipped, Chien lost everything).

32. On 09/03/2014, CT Local Court issued order to turnover Chine's personal property, personal computer, and "any other non-exempted personal property having a value in excess of $250 for a "camera hearing". But defendants Byrne, Caldwell with Mr. Clark abused to ship everything without sort and list to VA by threat. Due to filing of defendants, the shipped materials occupied 8 bankers of boxes. After all items arrived to VA, Chien wasn't noticed, no way for having a chance of a camera hearing or give some value to every item. ***Grogan didn't obtain the warranty of the court to open the boxes for search, which violated Amend IV***. Further, Grogan with Freer, Mr. Clark and LeClairRyan secretly separated, transferred, and occupied these items.

33. In additional to Chien's stock certificates, the missing property included:

(a)     a laptop of CHBM; (in Dec of 2015, two desk-top computers also shipped in)

16

(b)   about 50 stock certificates of shareholders in CHBM, CBII, USChina Venture III, and USChina Channel Inc;

(c)   non-parties shareholders' brokerage information; foreigner tax identifications, tax forms of some shareholders (Confidential);

(d)   nearly a hundred of files to answer SEC comments for about ten companies (Confidential);

(e)   Various corporation registrations, officers and shareholders' information (Confidential);

(f)   many business plans of about ten companies, such as China Complant Group, Shaanxi Tianren Organic Food Co.,Sino-American Net Media Corporation etc.;

(g)   the merger and acquisition information of several companies (Confidential);

(h)   licenses of several companies;

(i)   several lawsuits information, including some informal confidential drafts, not filed in Court, and partial documents in the case Cl 12-485 of F-Compl. Also, the communication documents between Chien and Fornova (CBI unsecured creditor) were fully missed.

(j)   all bank wire information (Confidential);

(k)   the bank information of non-parties companies (Confidential);

(l)   Chien's credit cards monthly statements;

(m)   Any of Chien's writing and records (Confidential);

(n)   The information of Chien's personal joint account (note: in March of 2011, Freer at Byrne obtained this account information since 2007) (Confidential);

(o)   The business contracts of Chien's self-employment;

(p)   Offshore company registrations (Confidential), and offshore contact information of lawyers and governments.

34. Grogan obtained Chien's original stock certificate of CHBM, which clearly showed the

authorization of issuing stock certificate for public company must have ***Medallion two officer***

***signatures*** and a corporation seal. But he still ignored the authority of CHBM by issuing another

17

letter to Island asking to make false CHBM stock certificate for Freer. Therefore, Grogan with

Freer, Mr. Clark, in conspiracy with Island intended to unauthorize using signatures of both

Chien and Mr. Li plus the CHBM seal, which is forged defined by 18USC 513(c)(2):

> "18USC§513- Securities of the States and private entities:
> (c) For purposes of this section—
> (2) the term *"forged"* means a document that purports to be genuine but is not because
> it has been *falsely* altered, completed, *signed*, or *endorsed…*" (emphases added)

35. After Freer obtaining CHBM stock certificate on 9/26/2014, he never informed the

corporation of CHBM, and didn't make Proxy filing to SEC for change control. But he, under

consultant of Mr. Clark, fabricated a CHBM shareholder meeting for the purpose to claim him as

an elected President of CHBM to replace Chien. In the process, Freer listed Mr. Clark as his

CHBM counsel, and further used the name of Vincent McNelley ("McNelley"), as inspector of

election, to publish false election report and false meeting minutes.

36. Freer without notice to any shareholder, claimed to move CHBM from CT to VA at 203

Twin Ridge Lane, Richmond, VA 23235, and opened a bank account in Wells Fargo, 1701 North

Parham Road, Richmond, VA 23229, then under false identity of President of CHBM to steal all

cash of $73,430 from People's United Bank, 265 Church Street, New Haven, CT 06510 on Nov.

26, 2014, without any notice to Chien who is trustee of that account. This is money laundering,

and transfer of unlawful money, offenses of "18USC §1956 & 1957", as well as offense of VA

Code "§18.2-186 (B)", at false statement to obtain property.

37. (a) On 12/9/2014, there was a hearing in Grogan office, in which Mr. Clark claimed

Freer as president of CHBM, to wrongly occupy many assets of non-parties, and make copy of

hard drive of CHBM computer, as in transcript:

> "Mr. Clark… Mr. Chien has previously testified under oath that the *laptop
> computer* is owned by China Bull Management Inc., so it's not Mr. Chien's property
> anyway, based on his own testimony. But we believe that the laptop computer should

remain here in Virginia. ***Dr. Freer is now the sole director and president of China Bull Management Inc., it's asset of the company***, so we believe the laptop computer should remain...

Secondly: All China Bull Management Inc., records that are contained or were contained in the boxes we believe should remain here in Virginia.

......

Five: .... So we would ask, Commissioner Grogan, ***that any stock certificates or corporate records related to any entities be retained in Virginia.***

COMMISSIONER ***GROGAN***: ... The laptop computer is owned by China Bull Management. And ***I have seen records indicating Mr. Freer is now the owner of that.*** So that may stay.

I would ask, though: have you made a copy of what was on the hard drive that could be given to Mr. Chien?

......

Mr. Clark: There is a *copy* of Mr. Chien's ***hard drive*...*"

(b) But, Chien responded immediately to allege their acts as grand-larceny. Later, on

***12/18/2014, Freer and Mr. Clark arrived at the jail to threaten Chien verbally that Chien would stay in jail for lifetime if Chien didn't sign any confession***. Chien rejected.

38. Later, Chien filed motion to disclose the fraud of CHBM cash stolen in CT Local Court, which held a conference call on April 24, 2015, and Grogan, Mr. Clark and Chien attended it in VA, while Freer, Byrne and Caldwell attended in CT. Then defendants Byrne, and Caldwell together filed the objection dated 4/23/2015, attached and delivered a set of the following documents to the Court while Mr. Clark delivered same set to Chien in VA, included:

(a) a copy of Freer perjured stock certificate;

(b) Freer false CHBM shareholder meeting document, including Notice, Agenda and Ballot;

(c) fabricated shareholder meeting minutes and

(d) a fabricated shareholder election report; and

(e) Freer's letter to CT Bank to fully withdraw saving of CHBM under false officer of President for CHBM;

(f) Freer's false CHBM board meeting on 12/8/2014 listed McNelley as acting Secretary;

19

(g) copy of Grogan's order dated 10/31/2014, to disclose that:(1) he (Grogan) ordered to make false stock certificate for Freer (¶7 of Grogan's 10/31/14 order); (2) he ordered vote right of Freer's shares ( 1st order on P.5, id);(3)he ordered to liquidate CHBM(¶ 13-16 & p.6,id);(4)he admitted that he opened the shipped boxes indicating Chien was not presence (¶ 20, id);(5) he ordered ***Freer's CHBM stock certificate in the possession of Mr. Clark*** ( 2nd order on p.5,id) ***for LeClairRyan*** (note: this offended "18USC §513" possess a forged security", "18USC §2314 transfer of stolen securities, money", and "18USC §2315 receipt of stolen securities");(6) Grogan wrongly used VA Code "§8.01-507 & §8.01-509"(title of the order, id) because the authority to sell property of the debtor was the court not Commissioner in Chancery as specified in VA Code"§8.01-507.1 reporting" and sale by the court ("§8.01-509" &"§8.01-615"), and Grogan didn't make reporting to the Court.

39. After Grogan, Mr. Clark, Byrne, and Caldwell, Freer deceived CT Court that Grogan order of 10/31/2014 were the order of Chesterfield Circuit Court, and concealed that they occupied items of non-parties, CT Local Court granted Freer's objection of 4/23/2015, and issued order on 7/15/2015 by giving Chien sanction.

40. Later, ***the time sheet of Mr. Clark's, disclosed that 10/31/2014 order was made on 4/22/2015 by Clark at ghostwriting, later reviewed by Byrne***. To predate the order for about 6 months obvious was tampering, offense of VA Code "§18.2-472". That order has cheating language that Chesterfield Circuit Court will lodge it in Docket, but never happened.

41. After Freer, Mr. Clark and LeClairRyan obtained cash of CHBM and other properties of non-parties, they still held Chien in VA to interrupt CT Courts' operation. Mr. Clark in his office, made Grogan's 8/31/2015 incarceration order by using Grogan's facsimile signature, and delayed one week for distribution on 9/7/2015 by first-class mail. Mr. Clark took the job of both

Judge and Clerk. It didn't have motion procedure. Mr. Clark replacing Grogan, ordered:

> ORDERED that Mr. Chien shall remain in the custody of the Chesterfield County Sheriff's Department and ***incarcerated*** at the Riverside Regional Jail ***until Mr. Chien and/or Ms. Fu comply with Connecticut Court's decisions/ rulings*** ordering the computers and any other property to be turned over, and upon the delivery of such computers and other property, Mr. Chien answers questions under oath about the computers and other property;

> ORDERED that Mr. Chien shall remain in the custody of the Chesterfield County Sheriff's Department and ***incarcerated*** at the Riverside Regional Jail ***during the duration of any appeal*** of the Connecticut Court's decisions/ rulings ordering the computers and any other property relevant to satisfying the Judgment Creditor's Judgment to be turned over;

> ORDERED that upon ***my receipt of any further decision***(s) and/or rulings by ***any Connecticut state court relating to the Connecticut Court's decisions/rulings*** ordering the computers and any other property to be turned over by Mr. Chien and/or Ms. Fu, I will promptly review such decision(s) and/or rulings to determine if any further action should be taken with regards to Mr. ***Chien's remedial incarceration*** at the Riverside Regional Jail and/or any other aspect of this Debtor Interrogatory." (emphases added)

Among the three orders, first one was to punish Chien to force another witness in CT to yield; second one was to punish Chien for the appeal in CT; third one was to hold Chien in VA to force CT court to give Freer a favor ruling. The language is so clear to hold Chien in VA, was for retaliation by preventing Chien from enjoying equal legal protection of CT Courts.

## Part 4. Interrupt Interstate Commerce after Chien Released

42. After released on 6/27/2016, Chien on behalf of CHBM, filed 8-K of SEC on 7/11/2016 to announce the shareholder meeting results of 7/10/2016, and with 100% voted shares to elect Chien as president, and to reject Freer becoming a controlled shareholder. Nine shareholders under oaths, verified that they didn't elect Freer, and not receive any cash dividend as liquidation as claimed by Freer when he stole cash, and they wanted their stock certificates back.

43. Since Chien initiated new lawsuits in VA and CT for grand-larceny of cash of CHBM, Freer hurried to replace Chien to make SEC filing for concealment. He repeated to write letters

21

to SEC to claim Grogan order legal to give him control position. Under deceiving, some employee of SEC halted Chien's filing on 2/3/2017, later even assigned Freer the filing authority, which caused two lawsuits pending in the District Court for Columbia, one is Chien v Freer et al. 1:18CV02050 (KKC). Why? Because Freer represented a new company registered in VA on 12/1/2016, with same name of China Bull Management Inc. Freer made 8-K filing on 2/15/2018 to announce his position as President, and attacking Chien's filing untrue. However, so far, Freer never can file proxy for shareholder election, and never file an audited Financial Statements, because CHBM has audited history of the state registration and corporation accounting. Freer can't alter it.

CHBM was established in Nevada on 12/17/2010 and moved to Wyoming on 1/1/2017. Consistently, Chien and Mr. Li have been officers in annual officer lists. Although, Freer on 11/18/2014 and 12/30/2014, took advantage of Chien's incarceration to fill CHBM Officer Forms on website of Nevada to claim him as only officer for year 2014 and 2015 respectively. But after Chien released, Nevada corrected these wrong forms. Then on 12/15/2016, Freer filed another form on website to dissolve CHBM, which correct by Nevada again. The citizenship of the company belongs to state. VA company has different citizenship with company in Wyoming even they have common name. Therefore, Freer made false corporation identity in his 8-K filing dated 2/15/2018. Another issue is that Freer repeated claiming McNelley as Secretary under title of CPA. But McNelley personal never admitted it, and his CPA license was suspended on 9/30/1993. Title of Secretary for McNelley only was used by Freer in court's documents or letters to SEC, not in any State officer listed forms or public SEC filing.

44. Freer claiming his officer position of CHBM under aid of other defendants till today, caused Chien impossible to hire another stock transfer agency to replace Island. Then no shares

can't be traded. On 9/25/2018, tick of CHBM was revoked. All shares of about 40 shareholders

lost their value, which has significant damage to Chien's job performance and reputation.

## Part 5. No Doctrine of Res Judicata from Previous Cases

45. Although, there are several counter suits were denied after Chien's release, there was no

doctrine of Res Judicata can be applied here. Because none of the cases was addressed the

merits. All were denied in summary judgment by judgment error, or abused Res Judicata.

(a) In VA, the outstanding one is case 1:13CV993 (LO), Alexandria Division, in which the

judge wrong classified Chien as an inmate under conviction, and denied Chien's civil right claim

from Grogan's order even not issued summons to Grogan and other defendants, and omitted the

subject error of VA Debt Collection. But that order was affirmed by 4th Circuit under Recording

No.13-1087. Later Chien filed 1:17CV385 to sue Grogan again, in which the same judge

wrongly applied Doctrine of Res Judicata from case 1:13CV993. Chien appealed and failed

under Recording No. 17-1944. In case 1:17CV677 (not same defendants of this case), same

judge wrongly used Doctrine of Res Judicata again. Chien appeal in 4th Circuit failed, Recording

No. 18-1523, and entering Supreme Court of Writ of Certiorari under 18-775, wasn't accepted.

(b) In District Court of CT, Chien filed 3:15CV01620(AVC), but that judge cited VA

judgments of Case 1:13CV993 and 13-1087 of 4th Circuit, then denied Chien's false

imprisonment claim. Chien filed new case 3:16CV01881, but that judge cited the results of Case

3:15CV01620, and denied Chien's case without defendants to file Motion to Dismiss. Chien

appealed in the 2nd Circuit with Recording No. 17-3695, was denied without Appellees to file

Brief. Chien entered Writ of Certiorari with Recording No.18-598, was denied with Appellees

filed forms of Waiver. There are no facts being discovered.

US Supreme Court has held that judgment with fraud, not allowing Res Judicata:

only "in the absence of fraud or collusion does a judgment from a court with jurisdiction operate as res judicata", Reihle v. Margolies, 279 U.S. 218, 225(1929).

But, here the wrong judgment of Case 1:13CV993 based on no facts finding, was widely applied in District Courts for either VA or CT. US Courts of Appeals and Supreme Court aren't responsible for facts finding. In general, Chien's case never have a fair trial. No previous judgments denied Chien's following counts here against Defendants based on merits.

## V. Standard and Argument

## Part 1. Time Bar for Claim under RICO and Property Damage

46. The wrongly occupying Chien's professional belongings and assets of third parties under Chien's custody, is current, timely claimed. For other counts, the time-bar must be considered.

(a) VA Code "§8.01-243B" limited five years for property damage, and "§8.01-243C" two years for personal damage;

(b) US Supreme Court established a four- year statute of limitations for civil RICO claims in Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156, 157 (1987)

(c) Applying "VA Code "§ 8.01-229 Suspension or tolling of statute of limitations...:

" A.3.... the time during which he is incarcerated shall not be counted as any part of the period within which the action must be brought."

Since Chien was incarcerated for 38 months, which created time-toll for 3-years and 2-month to add on 4-year time-bar for RICO claim, the total 7-year and 2-month period allows Chien to claim the CAPIAS order dated 2/25/2013 offended "18USC §1951" with extortion.

"18USC §1951(b)(2): The term "extortion" means the obtaining of ***property*** from another, with his consent, induced by ***wrongful use of actual or threatened force***, violence, or fear, or under ***color of official right***." (emphases added)

The Clark's false affidavit dated 1/4/2013 and other Grogan orders, will fall in the same allowed claim period for offenses of "18USC §1951". Chien's property damage claim extends to 8 years

2 months. Additionally, any allegations happened during Chien's incarceration should be treated

as the date of 6/27/2016 when Chien was release, such as money laundering of CHBM.

47. Any violation of US Law is a claim here under RICO.

"18USC §1961(1) 'racketeering activity' means ......(D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title...) fraud in the sale of securities... punishable under any law of the United States" (emphases added).

Because, (a) the cheating to get VA Award for Freer is RICO because it was Freer's Chapter 11

fraud beyond "18USC§157", which still is executing in CT. This Court has jurisdiction to judge

any violation of any US Law as RICO claim in VA and other states, due to "28USC§1367" and

"18USC §1965(b)"; (b) The forged stock certificate of CHBM for Freer should be consider

"fraud in the sale of securities", then any US Law violation is applied here under RICO.

48. More claims under "18USC §1961A&(B)"

"18USC §1961(1) 'racketeering activity' means (A) any act or threat involving......, robbery, bribery, extortion, which is chargeable under State law and punishable by imprisonment for than one year...",(i.e. VA Codes §18.2-59, §18.2-441)

"18USC §1961(1) (B) any act which is indictable under any of the following provisions of title 18"... section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud)....section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant)....section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 ( (relating to racketeering) ...section 1956.(relating to the laundering of monetary instruments)....,"

It is obvious that retaliation is one major motivation of all defendants.

"18USC §1513 Retaliating...
(e)Whoever knowingly, with the intent to retaliate, take *any action harmful* to any person, including *interference* with the lawful employment or *livelihood of any person*, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of *any Federal offense*" (emphasis added)

18USC §1512 Tampering with a witness, victim, or an informant
(a)
    (2) Whoever *uses physical force* or the threat of physical force against any person, or attempts to do so, with intent to---

(A)influence, delay, or ***prevent the testimony of any person in an official
proceeding***;" (emphases added).
    (B)cause or induce any person to—
      (i)withhold testimony, or withhold a record, document, or other
      object, from an official proceeding;
  (b)... (2) cause or induce any person to (C)evade legal process summoning that person to
appear as a witness, or to produce a record, document, or other object, in an official
proceeding; or

49. VA has several criminal codes, "§18.2-213.2" & "§ 18.2-137. B.(ii)" to identify guilty in

garnishment, which will further support allegations under 18USC§1962(a)-(c), and Amend IV.

"§ 18.2-213.2. Filing false lien or encumbrance against another any person who maliciously
files a lien or encumbrance in a public record against the real or personal property of another
knowing that such lien or encumbrance is false is guilty of a Class 5 felony. ..."

"§ 18.2-137. B. If any person intentionally causes such injury, he shall be guilty of... (ii) a
Class 6 felony if the value of or damage to the property, memorial or monument is $1,000 or
more'".

## Part 2. Conspiracy Charge

50. Since this case is Racketeering with conspiracy, 18USC§1962(d), it is important to list

the principal of dealing with conspiracy here:

  (a) In United States v. Neapolitan, 791 F. 2d 489,495 (1986)- Court of Appeals, 7th Circuit

commented:

"RICO is not a criminal statute; it does not make criminal conduct that before its
enactment was not already prohibited, since its application depends on the existence of
*`racketeering activity' that violates an independent criminal statute*. In addition, its
standards of unlawful, i.e., criminal or civil conduct are sanctioned by both criminal and
civil remedies. ***RICO, in short, is a `remedial' statute."). Thus, the use of the term
"RICO conspiracy," to the extent it is used to refer to a substantive offense that is
distinct from any other conspiracy under 18 U.S.C. § 371, is to some extent a
misnomer***. Section 1962(d), like the section's other provisions, is only applicable when
the defendant has violated other laws in a context that implicates RICO.

  (b) Another on-line dictionary wikipedia.org defines the difference between criminal

conspiracy and civil conspiracy as:

"A civil conspiracy or collusion is an agreement between two or more parties to deprive
a third party of legal rights or deceive a third party to obtain an illegal objective.

26

The criminal law often requires one of the ***conspirators to take an overt step*** to accomplish the illegal act to demonstrate the reality of their intention to break the law, whereas in a civil conspiracy, an overt act towards accomplishing the wrongful goal may not be required.

......

**Conspiracies in violation of the federal securities laws such as the Securities Act of 1933 and the Securities Exchange Act of 1934 form another area where intense civil and criminal lawsuits occur over the existence or non-existence of an alleged conspiracy...**(emphases added).

(c) VA has codes to define and punish conspiracy in "VA Code § 18.2-22 - Conspiracy to commit felony", and "VA Code §18.2-23 Conspiring to trespass or commit larceny"

## Part 3. Alleging LeClairRyan and Grogan under RICO Enterprise

39. (a) Mr. Clark and LeClairRyan claimed the immunity of general attorney-client relation, which only limited to their filings in the Court on behalf of Freer. For example, in Case CL. 12-485 with time limited to 8/31/2012 when the VA Award became final, Freer is liable for the falsified 2010 salary statement of over $200,000 despite that Mr. Clark intentionally made falsified statement for Freer. But, on and after 1/4/2013, Mr. Clark, LeClairRyan and Grogan together with Freer are responsible for RICO allegation under excuse of execution of CL 12-485 in VA, because no judge approved their actions. In CT, Byrne, Caldwell, Mr. Clark and LeClairRyan together with Freer, are responsible for RICO allegation under excuse of execution Case NNH-CV-12-4053717-S, because Byrne, Caldwell, Mr. Clark and LeClairRyan as debt collectors in CT, made fraudulent concealment of the subject error of VA Award, plus they wrongly invaded properties of non-parties, consisting part of RICO in VA. Even in other cases of Chien's countersuits, these attorneys are independent defendants together with Freer. Therefore, their perjured filings under these cases became conspiracy to protect RICO between Freer with them. Even Chien was incarcerated by police, but private party is liable as held by US Supreme Court, in Case United States v. Price, 383 US 787, 794 (1966):

27

"Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents. [7]"

In Perkins v. City of Attleboro, 969 F. Supp. 2d 158,182 (2013), District Court for MA held;

"-upholding jury determination that private individual was liable under § 1983 for warrantless arrest of plaintiff where circumstantial evidence was sufficient to support finding that private individual possessed and exerted influence over police and conspired with them to have plaintiff arrested"

In fact, Clark and LeClairRyan in conspiracy with Grogan by violating "§18.2-460A" of knowing objective to Judge Rockwell (details see later ¶55), offended both "18USC §241 & §242" to abuse police force by conspired against, and deprived of Chien's constitution right under color of law (note: this is limited to the police and jail which executed Grogan's orders).

(b) When attorneys and their employer LeClairRyan are sued together. LeClairRyan has major liability because their employees are salary-paid, and LeClairRyan has a team policy for every case. For example, in both Case CL.12-485, and appeal Recording No. 131044 of VA Supreme Court, Allen and Shelton joined Clark for making court fraud. For concealment of Chien's illegal incarceration, attorneys executed unified perjury policy (VA Code §18.2-435). In the seven courts: Price George Circuit Court of VA (Attorneys Clark, Bruce H. Matson and O. O. Oshinowo), this Court (Clark, and Christian K Vogel) , 4th Circuit (J. M. Rainsbury) and CT Local Court (Byrne, Caldwell, Clark); Appellate Court of CT (Byrne, Caldwell), Bankruptcy Court for CT (Ilan Markus, Byrne) , District Courts for CT (Joaquin L Madry; Caldwell), LeClairRyan attorneys unified to claim Grogan orders representing Chesterfield Circuit Court. However, in multi-appeals of Court of Appeals of VA (Clark; Allen; Oshinowo, Rainsbury), and Supreme Court of VA (Clark, Allen, Shelton), LeClairRyan attorneys unified to claim Grogan orders not the orders of Chesterfield Circuit Court and there was no jurisdiction for upper level

28

court to release Chien. Therefore, to make perjury in Courts, VA Code §18.2-435, 18USC

§1621&§1623, for protecting RICO, is policy of LeClairRyan. In case: NAACP v. Button, 371

US 415, 460, 461 (1963), the US Supreme Court stated:

> "When an attorney is employed by an association or corporation to represent
> individual litigants... The lawyer becomes subject to the control of a body...
>   'The relation of attorney and client is that of master and servant in a limited and dignified
> sense, and it involves the highest trust and confidence. *It cannot be delegated without
> consent and it cannot exist between an attorney employed by a corporation to practice law
> for it, and a client of the corporation, for he would be subject to the directions of the
> corporation and not to the directions of the client.*'"(Emphases added)

(c) Despite that LeClairRyan has hundreds of employees, Grogan is agent of the state court

claimed qualified immunity, they are properly alleged as RICO enterprise, 18USC §1961(4):

> "(4)'enterprise' includes any individual, partnership, corporation, association, or other legal
> entity, and any union or group of individuals associated in fact although not a legal entity;"

The definition is clear that the corporation or legal entity may be a RICO enterprise, just tainted

by the fraud of the individual employee. LeClairRyan has several employees under policy of

LeClairRyan, involving RICO. Grogan's fraud was under color of the official capacity. In case

US vs. Grzywacz, 603 F.2d 682(1979), the US Court of Appeals, 7th Circuit affirmed that Illinois

Madison County Sheriffs' office is RICO organization because a couple of polices to solicit and

accept bribes, despite of the facts that majority of polices acted legal. In case United States v.

Murphy, 768 F. 2d 1518, 7th Circuit (1985), the order states "the [RICO] 'enterprise' here was

the Cook County Circuit Court" of Illinois, because of an associate judge John M Murphy "with

accepting bribes to fix the outcome of hundreds of cases, from drunk driving to battery to felony

theft," despite of the fact that dozens of employees of the Cook County Circuit Court of Illinois

including Judges and Clerks acted legal. Here, Grogan as the Court's agency, offended VA Code

"§18.2-441... receiving bribes by, commissioners", and his office was RICO enterprise.

## Part 4. Damage Distinguished between Property and Interstate Commerce

40. In this case, Chien doesn't represent any third party except himself, although Chien will mention the loss of assets of third-parties such as CHBM and other shareholders, but these assets were under Chien's custody, and their losses significantly damaged Chien's job and reputation in running interstate commerce. There is mix events between the loss of Chien's personal properties and commercial business. For example, for the forged stock certificate of Freer, there contains Chien's personal property loss because there was no a penny payment for these shares, but it also damages Chien's job in interstate commerce, because defendants caused CHBM's cash and business loss, interrupts corporation registrations, SEC filings, and stock trading publicly.

## VI. Causes of Action

41. The following counts will combine all facts and information which Chien submits.

42. Count 1. Offense of Amend IV for Property Loss against LeClairRyan, Clark, Byrne, Caldwell, Freer and Grogan: Following properties lost or value deteriorated: (a) 1,002,436 shares of CHBM, (note: even CHBM lost cash and revenue, Chien still get a merger offer on March 30, 2017, for $300,000 cash plus some shares, which wasn't able to process due to Defendants interruption. The offer expired. CHBM's shares lost intellectual value of public trading now.) (b) 25,000,000 million shares of USChina Venture I, and 25,000,000 million shares of USChina Venture II. Both passed SEC registrations, but were revoked on 3/23/2016 by SEC due to Chien couldn't timely file 10-K in jail, Chien is the only shareholder. (c) 1,098,200 shares of USChina Venture III, which printed stock certificates for about 20 shareholders. In December of 2012, one investor paid Chien $120,000 for buy 1,000,000 shares from Chien, then assigned Chien a job for USChina Venture III going public. Chien was forced to halt the project, temporarily and returned the purchasing cash under threat of CT debt collection.  Now, Chien physically is

impossible to recover the project because of the loss of all documents and stock certificates since September of 2014 which caused the investor and other shareholders losing interest. (d) Chien's professional belongings of documents of eight boxes and a personal desk-top computer which contained much confidential information of Chien's customers and business associates. (e) Chien built his website www.uschinachannel.net with both English and Chinese literature for business in year 2006, but was cancelled by the sponsor in August of 2013 due to that the incarceration caused Chien not paying the bill of domain name and monthly sponsor fee.

43. Count 2. Offenses of "18USC §1951 Interference with commerce by threats or violence' from 2/25/2013 to 6/27/2016 for 1218 days, including arresting twice and incarcerating for 1148 days against LeClairRyan, Clark, Byrne, Caldwell, Freer and Grogan, which made Chien (a) impossible to run interstate commerce of financial consulting for existing about ten of customers or Chien's controlled companies, such as company reorganizations, filings in SEC, or otcbb.com, or state registration or license services, or updating and maintaining Chien's own website etc.; (b) the appointment for sale of a Machinery Inc located in Worcester, Massachusetts, was impossible for execution, the project can't recover; (c) negotiation of a reverse merger between CHBM with a foreign company initiated in December of 2012, couldn't go on; (d) prohibited Chien from contact potential new customers and investors; (e) impossible to run business plan to solicit Chinese investors to join EB-5 Immigrant Investor Program; (f) by defendants' wrongly occupying many valuable companys' documents, about 50 stock certificates of shareholders, and two computers of CHBM plus installed professional software "Go-filer", which caused existing interstate commerce projects (such as USChina Venture III going public) destroyed not only, but also prevented Chien from business recovery; (g) even Chien released, Freer under aid of other defendants, continues to interrupt Chien's business with new issues,

which deteriorated Chien's relation with associates and shareholders further, see above ¶ 43-44.

44. Count 3. Offense of "18USC §1512(a)(2)(B)(i) or(b)(2)" and "18USC§241&242"against Clark, LeClairRyan, Freer and Grogan for solitary confining Chien for 72 hours after arrest on 5/8/2013, with no reading and writing to prevent Chien from writing and submitting a writing objection (verbal objection presented on 5/8/2013 hearing with transcript) to Bankruptcy Court before 5/20/2013 to object Clark and Vogel of LeClairRyan in conspiracy with Freer, deceived the Court by asking CBI paying about $35,000 Freer's personal legal fee in Chien's Countersuit in District Court for CT, Case: 3:12cv1378 (AWT), Chien vs CBI, Freer, LeClairRyan.

45. Count 4. Offenses of 18USC §1951, 18USC§1512(b)(2), VA Code §8.01-247 against . Clark, LeClairRyan, Freer and Grogan for their 1/4/2013 actions to initiate VA debt Collection with plan to offend "18USC §1951" plus to interrupt Case 3:12CV1378 (AWT) by preventing Chien from access e-mail for responding the court notice for inquiring Chien's current status.

46. Count 5. Offenses of 18USC§1951, 18USC §1512(b)(2), 11USC§362(a), 28USC 1334(a), against Clark, Byrne, LeClairRyan, Freer and Grogan for their fraud during Chien's personal bankruptcy in CT from 7/19/2013 to 12/12/2013. Ref. above ¶22. During the period Byrne and Markus of LeClairRyan on behalf of Freer filed appearance and responded to Chien' application and Adversary Proceeding, but Clark, Grogan still detained Chien in VA for purpose to interfere the interstate commerce plus to prevent Chien from responding the Bankruptcy Court's operation including enhance of Adversary Proceeding to invalid the VA Award to Freer.

47. Count 6.  Offense of interrupt of interstate commerce in ***conspiracy***, 18USC §1962(d) VA Code §18.2-22, for fraud in the sale shares of CHBM to Freer, 18USC§1961(1)D, against Clark, LeClairRyan, Freer and Grogan that as mentioned in above ¶27, Mr. Clark ghostwrote a secret order dated 2/18/2014 for Grogan, to plan to forge stock certificate for Freer.

48. Count 7. Offense of interference of interstate commerce by mail fraud, wire fraud "18USC§1341 & §1343", and Interstate Transportation to Aid Racketeering, "18USC§1952", VA Codes §18.2-213.2, § 18.2-137. B, against LeClairRyan, Clark, Byrne, Caldwell, Freer and Grogan with events mentioned in above ¶30-36. Grogan sent Chien letter dated 8/23/2017, mentioned some properties in his possession, but still no list and not mention where are the stock certificates and computers, and what the current status of the copied computer hardware, and how to deal with damaged properties, etc. No solution so far.

49. Count 8. Offense of interference of interstate commerce by forging, transfer, and receiving forged stock certificate, 18USC§513(b), 18USC§2314, 18USC§2315 against LeClairRyan, Clark, Freer and Grogan for events mentioned in above ¶34, 37, 38.

50. Count 9. Offenses of Money Laundering, "18USC§1956 & §1957" and corruption, VA Code §18.2-186 (B), §18.2-441, against Freer, Clark LeClairRyan, and Grogan, for events mentioned in above ¶28 & 36. The cash payment to Grogan is bribe because the payment was secret, and no any court procedure to approve Grogan receiving such payment.

51. Count 10.  Interference of interstate commerce by making or aiding Freer making false CHBM officer identities in conspiracy 18USC §1962(d), violations of Exchange Act of 1934, and submitting false evidence documents to CT Local Court on 4/24/2015 hearing, against LeClairRyan, Clark, Byrne, Caldwell, Freer and Grogan, As mentioned in above ¶38, defendants submitted a set of documents to fabricate that Freer was elected as Director/ President of CHBM. But there was no proxy filed on SEC, which violated Sec. 14 Proxy of Exchange Act of 1934. Also, no shareholder voted for Freer.  Sec.14(a)(1) of Exchange Act, specified that Freer's acquisition of 90% of shares is "unlawful for any person…in contravention of such rules and regulations …"

52. Count 11.  tampering court records, offense of VA Code "§18.2-472", and cheating CT

Local Court to aid corruption §18.2-441 against LeClairRyan, Clark, Byrne, Caldwell, Freer and

Grogan. As mentioned on above ¶38-40, Clark ghost-wrote Grogan order on 4/22/2015,

reviewed by Byrne but tampering the date as 10/31/2014, plus to masquerade it as the order of

Chesterfield Circuit Court to conceal the fact that VA Court including Grogan didn't have

subject matter jurisdiction to change control of CHBM.

53. Count 12. Offenses of 18USC§1951, and 18USC §1512(b)(2) against LeClairRyan,

Clark, Byrne, Caldwell, Freer and Grogan, for Grogan order dated 8/31/2015. As mentioned in

above ¶41, that order clearly stated to incarcerating Chien in VA for purpose to suppress both

Chien's objection in CT Local Court and appeal in Appellate Court of CT.

54. Count 13. Offenses of 18USC§1951, and 18USC §1513(e) against LeClairRyan, Clark,

Freer and Grogan for the event that they wanted to incarcerate Chien indefinitely for harmful of

Chien's livelihood, because after two computers were shipped in December of 2015 till

6/27/2016 release, Defendants had no any action of debt collection, no any hearing or paper

interrogatories except to suppress Chien's countersuits by detaining, ref. above ¶37(b).

55. Counter 14. Offenses of 18USC§1951, and 18USC §1513(e), 18USC§241&§242,

against LeClairRyan, Clark, Grogan and Freer for the eight times of abuse police force and legal

discrimination and public embarrassment of Chien in hearings for obtaining assets of non-

parties. Not counting the three hearings held in the judicial facilities dated 3/2/2013, 6/13/2013

and 5/7/2014 respectively, there were eight hearings in the commercial buildings: two hearings

held in the headquarter of LeClairRyan, dated 6/30/2014 and 4/24/2015, and six hearings in

Grogan's office dated 3/1/2013, 5/9/2013, 6/6/2014, 12/9/2014, 7/14/2015, and 3/29/2016

respectively. In the eight hearings, Chien was embarrassed and discriminated by hand-cuffed and

shackling in whole session, performed by police, which is not allowed because Chien didn't have conviction and should enjoy the equal protection in hearing with dignity of every citizen. Further, since both offices located in commercial streets, police transportation cars, were parked in either garage of LeClairRyan, or backyard or commercial street near the building of Grogan office, Chien was embarrassed by walking in front of public with hand-cuffed, shackling and inmate garbs escrowed by police before entering the office or building.

55. Count 15. Offenses of 18USC§460. 18USC§241&§242, 18USC§1951 of abuse police force to interrupt interstate commerce, against Clark and LeClairRyan, Grogan and Freer for them usurped the authority of the Judge and violating standard criminal procedure to incarcerate Chien for 1148 days under "civil contempt". The violation had 8 times; two for issuing CAPIAS dated 2/25/2013 and 3/19/2013, six for incarceration orders dated 5/10/2013, 6/19/2013, 5/7/2014, 6/6/2014, 3/19/2015 and 8/31/2015 respectively. During the operations, Judge Rockwell made objections: (1) on 5/30/2013 hearing, Judge Rockwell in front of Chien, Freer and Mr. Clark, verbally ordered that he will not endorse Grogan's incarceration order. But Mr. Clark still manipulated Grogan to sign that order on 6/19/2013 by cancel the charge of "civil court contempt". In later other orders, Mr. Clark used "civil contempt". (2) There were five written notices/orders to Grogan regarding VA Debt Collection no jurisdiction.  Judge Rockwell wrote three letters dated 6/12/2014, 6/25/2014 (this letter served copies to both Grogan and Mr. Clark), 10/21/2015 respectively. Additional two were delivered by the chamber.

56. Count 16, malpractice of law against Clark and LeClairRyan for that Clark ghost-wrote over a dozen orders of Grogan and masqueraded them as the orders of Chesterfield Circuit Court. These orders are two CAPIAS orders dated 2/25/2013 and 3/19/2013, and six orders of indefinitely incarcerating for assets of third parties, dated 5/10/2013, 6/19/2013, 5/7/2014,

6/6/2014. 3/19/2015 and 8/31/2015, and four orders for assets dated 1/4/2013, 3/2/2013,

2/18/2014, 10/31/2014, and other orders for arranging transportation for eight hearings.

Additionally, Clark aided Freer making false evidence to get VA Award in Case CL 12-485.

Clark didn't have CT attorney license, but he directly made filing in CT Local Court, or used

another CT attorney name to file. Clark violated Virginia Professional Guidelines, Rule 8.4,

> Rule 8.4 Misconduct (a)-(c):
> "Rule 8.4 Misconduct.  It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law"

LeClairRyan violated Rule 8.4 also because it has policy and team to aid Clark.

57. Count 17 against LeClairRyan, Clark, Byrne, and Caldwell, in conspiracy with Freer,

18USC §1962(d), as part of RICO, to make fraudulent concealment in CT Local Court for:

(a)VA Award is invalid because it came from the subject error of Chesterfield Circuit Court; (b)

the 6/8/2012 fraud judgment was created from wrongly applied Rule 3:8 of VA Supreme Court;

(c) Freer fabricated his evidence of embezzling cash from VA as 'evidence' of compensation

loss. (d) F-compl. in Case CL-12-485 was for retaliation Chien's whistler-blower for Freer's

embezzlement under CBI's Chapter 11. Generally, VA judgment wasn't legal for CT's

certification. But they concealed the RICO fraud in obtaining VA Award.

58. Count 18 against Freer for interference of interstate commerce by: (a)12 times of making

false officer identities of CHBM. As mentioned in above ¶43-44, in 2014, and 2016, Freer

registered him as President, Director, Treasurer and Secretary of CHBM for year 2014, 2015 and

2016 of CHBM respectively, i.e. three times on each of four false identities created 12 times

violation; (b) making corporation registration fraud by using 6 years later registered VA

company to replace Nevada/Wyoming company by same name, and making 8-K filing on 2/15/2018 in SEC, offense of 18USC§1001 of false statement to government; (c) fabricating McNelley as Secretary of CHBM for five times; (d) interrupted Chien's authority to make SEC filing on behalf of CHBM.

59.  Count 19. Offended of invading Chien's privacy at Chien's personal documents and desk-top computer, against LeClairRyan, Clark, Byrne, Caldwell, Freer and Grogan.

## VII.  Relief

60. Jury-trial required.

61. Chien will submit detailed damage in the future discovery period. At that time, Chien will ask triple-damage from either VA Code "§8.01-499-&500" or 18USC §1964(c)

62. Other costs such as legal procedure costs, witness costs etc., which this court considers proper.

Respectively submitted

Plaintiff: _a Chien_ _a. Chien_
Andrew Chien
665 Ellsworth Avenue
New Haven, CT 06511
Tel:203-5628899